FOURNET, Justice.
 

 The defendant, Voorhies P. Moreau, prosecutes this appeal from his conviction and sentence to serve a term in the penitentiary at hard labor of not less than 20 months nor more than 5 years on an indictment for cattle stealing. Charged jointly with him were Willis Ortego-, Tyler Roy, and Robert Ballard. The latter, a negro, having confessed his guilt, implicating his co-defendants, and having agreed to testify accordingly, was granted a severance. Moreau and Ortego were denied a severance from Roy when it was sought by them, and the three went to trial, Moreau alone being convicted. Ballard has never been tried.
 

 The district attorney, in examining a prospective juror on his voir dire, asked him the question, which was objected to by the defendant, — “In case you would not be satisfied with the evidence adduced, to render a verdict in this case, would you be willing to consult and deliberate with your fellow jurors in order to reach a just conclusion?” But before the juror could answer the question, the trial judge sustained the objection of the defendant, instructing the juror being examined to disregard the question of the district attorney. Counsel for the defendant, however, contend that the judge erred in not having instructed the seven other jurors who had already been selected to the same effect.
 

 This contention is untenable for it is obvious that the basis of the bill reserved in this instance is that the seven jurors who had already been selected heard the question propounded and were in some manner affected thereby, but it is equally obvious that if they did hear the question they also heard the judge’s ruling and instructions to disregard the same. Consequently, any additional instruction on the part of the judge would have been a useless and unnecessary ceremony.
 

 The second and third bills of exceptions were reserved to the action of the trial judge in permitting á thirteenth or alternate juror to be chosen in accordance with the provisions of Act No. 6 of 1940, it being defendant’s contention that under the Constitution (Section 41 of Article VII) he could not be tried by more than twelve jurors. This question of the constitutionality of the selection of the alternate juror likewise forms the basis of defendant’s seventh bill of exceptions, which was reserved to the judge’s refusal to arrest the judgment in this case.
 

 These bills are without merit for in our recent decision in the case of State of Louisiana v. Breedlove, La.Sup., 7 So.2d 221, handed down December 1, 1941, we disposed of this identical issue adversely to defendant’s contention.
 

 Bill of Exceptions No. 4 grew out of the fact that the deputy sheriff who had gathered the evidence in this case against the defendant and who, according to defendant’s claim, was the prime motivator in the trial, was allowed, over defendant’s objection, to answer the question, “What
 
 *298
 
 fact prompted you to arrest Mr. Moreau?” with the statement that it was “From the information and talk around Cottonport and he having been in trouble before.”
 

 The trial judge in his per curiam to this bill of exceptions declared that the question was allowed because it was not objectionable per se and that the defendant could not have been prejudiced by the answer as the objection of counsel to the same was sustained and the jury instructed to disregard both the question and the answer.
 

 It is the contention of counsel that the wording of the question and the answer thereto was in furtherance of a general scheme to single out the defendant for conviction in this case and that it was done for the deliberate purpose of creating an unfavorable impression on the jury and that despite the fact that the answer was ruled out upon defendant’s objection, the prejudicial effect had already been felt by the jury and that they could not disregard it.
 

 There is no doubt that the testimony so objected to was not only inadmissible, but also highly improper. Nevertheless, we must assume that the jury followed their sworn duty and heeded the judge’s instructions and, in the absence of any showing that the defendant’s cause was prejudiced by the circumstances under which this bill was reserved, this court will not reverse the defendant’s conviction and grant a new trial on this ground alone.
 

 The next bill of exceptions was reserved to the ruling of the trial judge allowing the sheriff of Avoyelles Parish to testify, in rebuttal and over defendant’s objection, that President Roosevelt had not made a radio address on the night, of May 20, 1941, but had delivered such an address on May 27, one week later, such information not being of the sheriff’s own knowledge but having been received by him from a radio station, which he never named, and from a wire purportedly received from the President’s secretary, although the wire was neither exhibited by the Sheriff nor proved to be authentic.
 

 This testimony was objected to on the ground that it was not rebuttal evidence in fact and, if intended to impeach the testimony of the defendant who had testified that on the night the prosecution’s witness Ballard said the crime had been committed — the night of the same day on which the defendant had gone to Ballard’s home and purchased a hog from him in accordance with a verbal agreement had on the day previous — he was at home listening to the President’s address on the radio, the testimony was nevertheless inadmissible since the defendant had not been placed on his guard as required by law.
 

 The trial judge, in disposing of this bill said: “ * * * the witness testified in rebuttal, from information obtained from the radio stations and the President’s Executive Secretary, in Washington, D. C., that no Presidential Speech was made on the night of May 20, 1941, when, the crime was supposed to have been committed .or on any time during the week beginning May 19, 1941. This, in the Court’s opin
 
 *300
 
 ion, was strictly rebuttal evidence, showing that defendant’s testimony, as to what occurred, was not true. Indirectly, this evidence might have the effect of impeaching defendant’s testimony, but the objection was levelled at the admissibility, and in the Court’s opinion, was clearly admissible, as rebuttal.”
 

 From our appreciation of the record, the defendant in testifying did not at any time specify the date on which he heard the President’s address. His testimony is to the effect that the night on which he heard the address of the President was the night of the day on which he had visited the prosecution’s main witness, Ballard, and purchased a hog from him. The witness Ballard is the one who testified that the crime had been committed at about nine-thirty on that same night and it was also the witness Ballard who fixed the date as May,20, 1941. In explaining his reason for fixing that as the date, he stated that on the day previous, May 19, he, together with three companions, Ernest Coleman, Ed Atkins, and Boston Reuben, had gone to Marksville, Louisiana, for the purpose of cashing their “farmer’s cotton parity checks” and that it was on their way home that all four, at the request of Ballard, stopped at the defendant’s store and meat market in Cottonport in order to offer to sell him Ballard’s hog and that he (the defendant) not only agreed to but also did go to his (Ballard’s) home the next day, May 20, and bought the hog. Pie further testified that it was on the night of that same day that the cattle were stolen.
 

 Under these circumstances, the testimony of the sheriff was not in rebuttal of anything that the defendant testified to. The defendant did not testify that he heard the President’s address on May 20. Instead, he testified that he heard the President speak on the night of the same day on which he had purchased the hog from Ballard. This was substantiated by two witnesses. It was the negro witness Ballard who fixed the date of the commission of the crime as May 20, 1941. In other words, Moreau never testified to nor attempted to prove that he had been at home on the night of May 20 listening to Roosevelt’s speech; rather, that he had been at home on the night fixed by the prosecution’s witness as the date of the commission of the crime, that is, the night of the same day on which he (Moreau) purchased the hog from Ballard. Consequently, any proof to the effect that President Roosevelt did not make a radio speech on May 20, but did make one on May 27, was not in rebuttal of defendant’s testimony and could have had no other effect than to discredit the defendant or to confuse the jury. In our opinion this testimony was highly prejudicial and the defendant should have been granted a new trial.
 

 Plaving reached this conclusion, it is unnecessary to review the motion for a new trial which is based on the foregoing bills of exceptions and on certain new grounds that are rendered unimportant by the conclusion we have reached.
 

 For the reasons assigned, the defendant’s conviction and sentence are annulled and
 
 *302
 
 set aside, and the case is remanded for new trial according to law.
 

 O’NIELL, C. J., concurs in the decree.