219 So.2d 484

**STATE of Louisiana**

**v.**

**Thomas TAYLOR.**

No. 49297.

Jan. 20, 1969.

■■■■■■■■■■■■

———◆———

Edward J. Villere, New Orleans, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for appellee.

HAMITER, Justice.

Thomas Taylor, the defendant herein, was charged in a bill of information (in the short form as provided by Article 465 of the Code of Criminal Procedure) with having committed a simple burglary of the building and structure at 2014 Magazine Street in New Orleans which was owned by F. W. Woolworth Company. He was convicted and was sentenced to serve six years at hard labor in the State Penitentiary.

Three bills of exceptions were reserved to the rulings of the district court and appear in the record of this appeal. (Actually all are contained in one single bill.)

Bill of exceptions No. 1 was taken to the court's overruling the defendant's motion to quash the bill of information. The motion was based (1) on the alleged illegality of the information, and (2) on the alleged unconstitutionality of the statute under which the charge was brought (LRS 14:62).

■ In connection with the first mentioned contention the accused urges that the information was too vague and indefinite to inform him of the nature and charge against him and that it did not set forth the essential facts of the alleged crime sufficiently for him to prepare a defense. The identical issue was presented in State v. Wright, 215 La. 529, 41 So.2d 76. There we held that the short form bill of information for the crime of simple burglary was sufficient properly to inform accused of the nature of the accusation as contemplated by our constitution and statutes. (Constitution of 1921, Article I, Section 10, Code of Criminal Procedure, Articles 464, 465.)

■ Nor do we find any substance in the defendant's attack on the statute itself (LRS 14:62). He fails to show how, or in what manner, the act is vague or indefinite. It provides: "Simple burglary is the unauthorized entering of any vehicle, water craft, dwelling or other structure, movable or immovable, with the intent to commit any forcible felony or any theft therein, other than as set forth in Article 60." We fail to perceive any changes which might be made in this language to clarify the conduct denounced. Indeed, in State v. Wright, supra, the court observed that the term "burglary" itself is universally understood to connote the offense described in the statute.

▮ Bill of exceptions No. 2 is likewise groundless. It was reserved to the court's refusal to compel the state to give all of the data requested in the accused's motion for a bill of particulars. In answer to the motion the state informed the defendant that he was being charged under LRS 14:62; that the crime was committed at 2014 Magazine Street in New Orleans at approximately 3 a.m. on July 10, 1967; that no search warrant was applied for or used; and that there was no written confession or statement made by the accused.

Without detailing the questions which the state was not required to answer, suffice it to say that they constituted an attempt on the part of the defendant to obtain the state's evidence in advance of trial. They were, as stated by defense counsel in his brief to this court, only "discovery questions".

▮ However, counsel argues that a defendant in a criminal action should be given equal rights, and an opportunity to secure the same information, that a litigant in a civil case is able to obtain under "discovery" rules. This precise issue was determined adversely to the accused in State .v. Hunter, 250 La. 295, 195 So.2d 273. Therein we announced our intention to adhere to our former holding which was a refusal to permit pretrial discovery of the various items of evidence in criminal cases. We see no reason to depart from that conclusion.

▮ Initially, the information alleged that the structure burglarized was located at 2019 Magazine Street. The state, on the day of the trial and over defense counsel's objection, was permitted to amend the information to change the address to 2014 Magazine Street. At this time bill No. 3 was reserved. Although the bill was perfected, it was not argued either in brief or in oral argument here. Nevertheless we have examined it and find that it is without merit. The bill itself does not recite that the amendment resulted in any prejudice to the defendant, nor does it appear that in the trial court any harm to him was shown.

Likewise, in this court the defendant does not point out how he was prejudiced. Had there been any effected by the change in the information the accused could have sought a continuance in the trial of the matter. This he did not do. (See Articles 487–489 of the Code of Criminal Procedure.) Moreover, the bill of particulars, given to the defendant in advance of trial, set forth the correct address as 2014 Magazine Street.

For the reasons assigned the conviction and sentence are affirmed.