McCALEB, Chief Justice.
Leon Harold Butler was tried by a jury and convicted of the crime of aggravated arson. He was sentenced to serve • ten years in the State penitentiary at hard labor. On this appeal the accused is relying on twenty-six. bills, of exceptions, to obtain a reversal of the conviction.
The minutes of the proceedings below as well as other portions of the record unmistakably disclosed that the defendant. was •tried on a charge of aggravated arson. However, in our examination of the record following submission of the case, we have found that at some time prior to the lodging of the record in this Court the bill of information had been amended, apparently with the intention of reducing the charge to simple arson. This had not theretofore *563 been called to our attention and the official minutes of this trial make no mention of the amendment.
The following is a copy of the bill of information as it appears in the record filed here:
NQ._4.r-3/? CM’S
State of Louisiana — Parish of East Baton Rouge
nineteenth judicial district court
WALTER L SMITH, JR, j\ss¡stant District 'Attorney of the Nineteenth Judicial District of the State'of Louisiana, who, in name and by tbc authority of said State, prosecutes in this behalf. In proper person, comes into the Nineteenth Judicial District Court of the State of Louisiana, in the Parish of East Baton Rouge, and gives the said Court here to understand and be informed that
1. LEON HAROLD BUTLER
2. EDDIE TURNER
late of the Palish of East Baton Rouge, on the Eighth (Sill) day of April in the year of our Lord One Thousand Nine Hundred and sixty- eight (19 68) with force of arms, in the Parish of East Baton Rouge, aforesaid, and within the jurisdiction of the Nineteenth Judicial District Court of Louisiana in and for the Parish of East Baton Rouge, then and there being, feloniously did violate R, S. 14:51 in that they intentionally damaged a structure known as Scenic Highway Lumber Company, located at 7890 Scenic Highway, Baton Rouge, by sefting live to said structure, whciiiby human dtfe was^few&wgesed» — .
*565 ********
Only Butler was tried, although we find no reference in the minutes to a severance having been obtained.
Because of the apparent conflict between the information and the proceedings conducted in connection therewith, we notified counsel for the defendant and for the State of the discrepancy requesting that they file a brief as to its effect. Additionally, inasmuch as we had observed possible defects in the bill of information, either as originally drawn, or as amended, which were not discussed in any brief or in oral argument, we instructed counsel to consider and brief its sufficiency.[1]
In response to such instructions defense counsel has informed us that he had no knowledge of the amendment to the bill of information and only became aware of it when he received notice of it by the Court. He further states that his only information concerning the change is what has been told to him by the Assistant District Attorney, who tried the case and argued it on the appeal.
With reference to the sufficiency of the bill of information, defense counsel argues that it is fatally defective in that it fails to allege the foreseeability of danger to human life by the charged act of setting fire to the business establishment located at 7890 Scenic Highway.
In his supplemental brief, the Assistant District Attorney states that the amendment was made in the bill of information December 19, 1969, following Butler’s conviction (on June 12, 1969) and after he had taken this appeal (June 26, 1969). He explains that the amendment was made in connection with the charge against Eddie Turner who had not yet been tried. And he contends that, therefore, the amendment made at that time is of no consequence, because it could not possibly have prejudiced the accused.
Of course the information regarding the date of amendment, being merely statements in a brief, forms no part of the record before us on this appeal. Therefore, a serious question arises as to whether we can affirm the conviction on the record as it now stands.
However, because of our conclusion that the bill of information itself, as originally drawn, was fatally defective (as we will *567 hereafter-show), we pretermit the question presented' by the condition of the bill of information; ' and assume the view most favorable to the State, that is, that the accused was tried on the original bill of information before it was amended; that we can take notice of such fact, and that the subsequent deletions and changes in the bill of information, prior to its being incorporated, into the record of this appeal, does not require a reversal of the conviction.
Article 464 of the Code of Criminal Procedure provides that: “The indictment [or information] shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged. sjc * * >
R.S. 14:51 defines aggravated arson as the “intentional damaging by any explosive substance or the setting fire to any structure, watercraft, or movable, wherein it is foreseeable that human life might be endangered.”
With regard to the sufficiency of the bill of information, no reference is made in the prosecution’s supplemental brief as to whether it is. essential to charge that it is foreseeable to .the accused, at the time he fires the structure, that human life might be endangered. To the contrary, it is asserted[1] niefely that the information “literally and .factually tracks the .definition of the crime charged under R.S. 14:51.” Patently, it does not.
It is also submitted that the bill of information is sufficient because Article. 465 C.Cr.P. permits a charge of arson (aggravated or simple) to be made under-the “short form”. However, the prosecutor elected not to use the short form in the. .instant matter and, having failed to do so, he-was required to adhere strictly to .the .provisions of the statute. State v. Pinsonat, 188 La. 334, 177 So. 67 (1937); and State v. Chanet, 209 La. 410, 24 So.2d. 670 (1946). Consequently, it was necessary that the information contain all of the..essential facts constituting the crime of aggravated arson.
In our opinion, the information- under 'consideration falls short of .that' requirement by its failure to allege'the “foreseeability of endangering human life by the setting fire to the building involved: It ’is not enough to allege merely that' human life was, in fact, endangered. The foreseeability or anticipation by the accused.'of' that circumstance constitutes the gravamen o.f -the offense.[2] Indeed, it might be analogized to the necessity for alleging a .special intent in those crimes when that is an element of the offense.
In State v. Bonfanti, 254 La. 877, 227 So.24 916 (1969), we reviewed the earlier *569 statutes dealing with arson, and similar offenses. It was pointed out that under the common law the crime of arson was limited to the burning of dwelling houses, and that although our early statutes contemplated the burning of certain public and private buildings other than dwellings, as well as structures in which human beings usually stayed or resided, the penalty for the latter was greater than that for the former. Later statutes denounced the burning of all types of structures, etc., “on which human beings are customarily to be found.” The Court concluded that with the enactment of R.S. 14:51 (aggravated arson) and R.S. 14:52 (simple arson), which encompassed all prior legislation “ * * * it [R.S. 14:51] was intended to include the burning or blowing up of property when the actor foresees or anticipates the then presence of persons at the site, or in such close proximity thereto, so that their lives might be endangered by the act.” (Emphasis added) It was further observed that “The essence of aggravated arson as defined in R.S. 14:51, as well as the former legislation dealing with the greater grade of arson, is the foreseeability of danger to human life.”
We are aware that the language in the Bonfanti case was not used in exactly the same frame of reference as here-Nevertheless, it states the inescapable conclusion that the fact of foreseeability or anticipation of danger to human life is an essential element of the crime, and that consequently it must be alleged in the indictment or information in order to comply with the mandate prescribed by Section 10’ of Article I of the Louisiana Constitution, that the accused shall be informed of the nature and cause of the accusation against him. The failure of the State to make the allegation herein constitutes a fatal defect and renders the bill of information invalid.[3]
Inasmuch as the conviction of the accused was founded upon a fatally defective bill of information, it cannot stand. ■> Having reached this conclusion, it is unneces *571 sary for us to consider the hills of exceptions.
For the reasons assigned the conviction and sentence are reversed and the defendant is ordered discharged.
HAMLIN, SANDERS, and BARFIAM, JJ., dissents with written reasons.

. R.S. 14:2 defines “Foreseeable” as “ * * * that which ordinarily would be anticipated by a human being of' ávelíáge' reasonable intelligence and perception-.”'

. It, might be obsoi-ved that Article 464 C.Cr.P. has effected (among other things not pertinent here) a change in its predecessor, former Article 227, which had provided that the indictment or information “must state every fact and circumstance necessary to constitute the offense.” The hew article requires only that the indictment or information shall contain a concise statement of the “essential facts constituting the offense' charged.”
This change, we think, insofar as its relevance to- this case is concerned, relieves the State, wlien charging arson in the long form, from setting forth in a bill of information for aggravated arson all of the circumstances relied on by it (or which it expects to prove) to establish the foreseeability of danger to human life. This may have been necessary under the old article. But it does not exempt the State from alleging the fact of foreseeability of such danger which, as we have said,' is the gravamen of the offense and which must be proven as an essential element of the crime.