PER CURIAM.
Levon Charles Bowers was tried by a jury and convicted of the crime of simple burglary. He was sentenced to serve seven years in the State penitentiary at hard labor. On this appeal the accused is relying on one bill of exceptions to obtain a reversal of the conviction.
By this bill, the accused contends the bill of information is “substantially defective”, because it describes the burglary was committed “of a business.” It is suggested that this did not meet the requirements of the short form bill charging simple burglary (C.Cr.P. art. 465) because it failed to charge that the accused had burglarized a “structure”, La.R.S. 14:62, the crime here charged. We note in this regard no bill of particulars was requested prior to trial.
The bill charges the defendant “did commit simple burglary of a business in Bastrop, Louisiana, known as the West Madison Garage and the property of John Pugh Anderson.”
We find the trial court was correct to hold that the bill of information as written informed the defendant of the nature and cause of the accusation and therefore the constitutional requirement was met. (La.Const. art. 1, sect. 10). The description of the premises burglarized known as “West Madison Garage” connotes in ordinary language a structure devoted to the garage business. (See State v. Wright, 254 La. 521, 225 So.2d 201 (1969).
The defendant additionally suggests there was no evidence of intent .to commit *439 a theft or forcible felony, an essential element of the crime. La.R.S. 14:62. We find no merit. The owner of the premises testified as to gauges screwed off welding tanks, and he found tools scattered. The sufficiency of this evidence to prove intent to commit a theft is a jury question.
The conviction and sentence are affirmed.