PER CURIAM.
The defendant, Jacob Baker, appeals from a jury ' conviction of aggravated crime against nature, La.R.S. 14:89.1, for which he was sentenced to serve ten (10) years in the State Penitentiary at hard labor. On this appeal the defendant relies on one bill of exceptions taken to the trial court’s denial of a motion for new trial on the grounds the evidence failed to support the verdict. As there exists error discovered from our examination of the pleadings and proceedings, we do not reach the merits of this bill.
The minutes of the proceedings below, as well as other portions of the record, unmistakably disclose that the defendant was tried on a charge of aggravated crime against nature. La.R.S. 14:89.1. He was *236 sentenced according to the provisions of La.R.S. 14:89.1, in that his sentence was ten (10) years; five years over the maximum under the simple crime against nature statute, La.R.S. 14:89. However, the hill of information does not sufficiently charge the defendant with the crime of aggravated crime against nature.
In pertinent part, the bill of information reads as follows: “* * * (1) Jacob Baker * * * did violate R.S. 14:89.1 in that (he) did have unnatural carnal copulation with Charley Ealy, a person ob (sic) the same sex * * *”
As no short form indictment is provided by La.C.Cr.P. art. 465, we must consider the bill of information to be cast in long form. As a long form the bill of information charging aggravated crime against nature, it fails to specify “which one or more of the following circumstances” by which the crime against nature becomes the more serious aggravated crime against nature. See subdivisions (1) to (5) of La.R.S. 14:-89.1,
La.R.S. 14:89.1 provides:
Aggravated crime against nature is crime against nature committed under any one or more of the following circumstances:
(1) Where the victim resists the act to the utmost, but such resistance is overcome by force;
(2) Where the victim is prevented from resisting the act by threats of great and immediate bodily harm accompanied by apparent power of execution;
(3) Where through idiocy, imbecility or any unsoundness of mind, either temporary or permanent, the victim is incapable of giving consent and the offender knew or should have known of such incapacity ;
(4) Where the victim is incapable of resisting or of understanding the nature of the act, by reason of stupor or abnormal condition of mind produced by a narcotic or anesthetic agent, administered by or with the privity of the offender; or when he has such incapacity, by reason of a stupor or abnormal condition of mind from any cause, and the offender knew or should have known of such incapacity; or
(5) Where the victim is under the age of seventeen years and the offender is at least three years older than the victim.
Whoever commits the crime of aggravated crime against nature shall be imprisoned at hard labor for not more than fifteen years. Added Acts 1962, No. 60, § 1.
Although an indictment or information need not be phrased in the language of the statute, it must state every essential fact constituting the crime. La.C. Cr.P. art. 464. State v. Raby, 259 La. 909, 253 So.2d 370 (1971).
*238 The bill of information is fatally defective in that it failed to inform the defendant of an essential element of the crime by not adhering to the provisions of the aggravated crime against nature statute. La.C.Cr.P. art. 464; La.R.S. 14:89.1.
The bill of information is the foundation of the prosecution. If it is fatally defective, a conviction obtained thereunder cannot stand. State v. Butler, 259 La. 560, 250 So.2d 740 (1971); State v. Raby, supra.
For the reasons assigned, the conviction and sentence are reversed and the defendant is ordered discharged from that conviction and sentence. This order does not affect any prior or subsequent lawful convictions and sentences.
SUMMERS, J., concurs.