267 So.2d 568

STATE of Louisiana

v.

Sylvester JOURNIGAN.

No. 52484.

Oct. 4, 1972.

Woodson T. Callihan, Jr., for defendant-appellant.

William J. Guste, Jr., Atty. Gen., Warren E. Mouledoux; Asst. Atty. Gen., Sargent Pitcher, Jr., Dist. Atty., Ralph L. Roy, Asst. Dist. Atty., for plaintiff-appellee.

## PER CURIAM.

■ Sylvester Journigan, defendant, was charged in the 19th Judicial Court on a Bill of Information which read in pertinent part as follows:

"Sylvester Journigan . . . did violate R.S. 14:89.1 in that (he) did have an unnatural carnal copulation with Charley Ealy, a person ob (sic) the same sex."

The defendant was tried by a jury, found guilty as charged, and sentenced to ten years. Defendant then applied to the Nineteenth Judicial District Court for a Writ of Habeas Corpus to have the conviction vacated on the grounds that the Bill of Information did not properly charge a violation of La.R.S. 14:89.1. The writ was granted by the Trial Court to the extent that defendant's ten year sentence based upon a verdict of guilty of aggravated crime against nature was vacated. However, the trial judge was of the opinion that the Bill of Information did properly charge simple crime against nature (La.R.S. 14:89) and sentenced defendant to five years without setting aside the verdict. The defendant excepted to the Trial Court's imposition of sentence based on the alleged defective bill and was granted an appeal before this Court.

La.R.S. 14:89.1 provides as follows:

"Aggravated crime against nature is crime against nature committed under any one or more of the following circumstances:

(1) Where the victim resists the act to the utmost, but such resistance is overcome by force;

(2) Where the victim is prevented from resisting the act by threats of great and

immediate bodily harm accompanied by apparent power of execution;

(3) Where through idiocy, imbecility or any unsoundness of mind, either temporary or permanent, the victim is incapable of giving consent and the offender knew or should have known of such incapacity;

(4) Where the victim is incapable of resisting or of understanding the nature of the act, by reason of stupor or abnormal condition of mind produced by a narcotic or anesthetic agent, administered by or with the privity of the offender; or when he has such incapacity, by reason of a stupor or abnormal condition of mind from any cause, and the offender knew or should have known of such incapacity; or

(5) Where the victim is under the age of seventeen years and the offender is at least three years older than the victim. Whoever commits the crime of aggravated crime against nature shall be imprisoned at hard labor for not more than fifteen years. Added Acts 1962, No. 60, § 1."

As no short form indictment for aggravated crime against nature is provided by La.C.Cr.P. art. 465, we must consider the Bill of Information to be cast in long form. As a long form the Bill of Information attempting to charge aggravated crime against nature fails to specify "which one or more of the following circumstances" by which the crime against nature becomes the more serious aggravated crime against nature. See Subdivisions (1) to (5) of La.R.S. 14:89.1.

■■ The Bill of Information is fatally defective in that it failed to inform the defendant of an essential element of the crime for which he was convicted. La.C. Cr.P. art. 464. This Court has held repeatedly that a conviction obtained under a fatally defective indictment cannot stand. State v. Baker, 261 La. 233, 259 So.2d 306 (1972); State v. Butler, 259 La. 560, 250 So.2d 740 (1971); State v. Raby, 259 La. 909, 253 So.2d 370 (1971). The verdict of the jury here resting on an invalid indictment cannot support any sentence. See State v. Baker, supra, in which the co-defendant of this appellant had both the sentence and conviction set aside by this Court upon the same basis urged here. The trial judge erred in attempting to impose any sentence under a verdict obtained on this invalid indictment.

For the reasons assigned, the conviction and sentence are reversed and the defendant is ordered discharged from that conviction and sentence.