288 So.2d 612 (1974)
STATE of Louisiana, Appellee,
v.
Floyd James CLARK, Appellant.
No. 53861.
Supreme Court of Louisiana.
January 14, 1974.
*613 James C. Stevens, Ervin, Stevens & Waguespack, Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Alton T. Moran, Asst. Dist. Atty., for plaintiff-appellee.
TATE, Justice.
The defendant Clark was convicted of simple burglary, La.R.S. 14:62, and sentenced to nine years at hard labor. On his appeal, he relies upon one bill of exceptions. The court has also noticed of its *614 own motion a serious issue as to the validity of the bill of information charging him with the offense.

The Bill of Exceptions
The defendant perfected one bill of exceptions. This was with regard to the trial court's refusal to order a mistrial. The defendant moved for one after a remark by a police officer witness, under cross-examination by the defendant's counsel. This remark included an oblique reference to previous arrests of some "subjects".
The defendant contends that the reference was to "another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible", La.C.Cr.P. art. 770(2), such as entitled the defendant to a mistrial if made by "[a] judge, district attorney, or other court official". La.C.Cr.P. art. 770.
Although the defendant contends a mandatory mistrial is required by this provision, the jurisprudence has not considered a police officer witness as an "other court official" so as to require such mandatory remedy under Article 770. Cf., State v. Smith, 285 So.2d 240 (La.Sup.Ct. 1973), State v. Edgecombe, 275 So.2d 740 (La.Sup.Ct.1973), State v. Boudoin, 257 La. 483, 243 So.2d 265 (1971), and State v. Moreau, 200 La. 293, 7 So.2d 915 (1942). Thus, an admonition to the jury (at least if requested by the defendant) may suffice to cure such a prejudicial statement by a witness other than a court official, unless the court is satisfied that an admonition is not sufficient to assure the defendant a fair trial. La.C.Cr.P. art. 771.
In the present instance, an examination of the entire cross-examination of the officer by the defendant's counsel convinces us that the oblique reference did not require a mistrial.
The remark occurred in the course of a persistent attempt by the defendant's counsel to establish that the officer in advance of the crime had told his police officer partner that the defendant and his companion were probably going to make a "hit" (burglary) that night. The apparent effort was to prove that the police officer, who had seen the burglary and who had immediately thereafter arrested the defendant, had a preconceived notion that the defendant was guilty.
The answer now objected to was in reply to persistent questioning by the defense on the subject. It was not elicited by the State, nor was it deliberately uttered by a police witness to prejudice the defendant. The incidental and spontaneous remark contained in the reply was given only after the witness was repeatedly examined by the defendant's counsel with regard to a prior statement alleged to have been made by the witness at another hearing.
We thus do not find the remark of the witness so prejudicial as to require a mistrial under Article 771, since it was solicited by the defendant's counsel. Further, after the objection was made, the trial court admonished the jury to disregard any testimony which might indicate a prior record, since it could not be considered evidence of guilt of the offense with which charged.
Although the defendant's counsel did not then object to the admonition nor perfect a bill as to it, he now contends that this admonition, by emphasizing the thrust of the oblique reference by the witness, was itself so prejudicial as to require a mistrial. He contends that an admonition is only permitted under Article 771 when the defendant or the State requests it.
We do not find the admonition to be prejudicial. Further, although Article 771 requires admonition when requested by the defendant or the State, it does not narrow the right of the trial judge to admonish the jury when he deems it necessary to protect the rights of the defendant.
We thus find no merit to the bill of exceptions urged.

*615 The Bill of Information

The court notices of its own motion a serious question as to the sufficiency of the bill of information.
The defendant is charged with simple burglary. La.R.S. 14:62 (1972).[1] The statute defines this, pertinently, as "the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, with the intent to commit a felony or any theft therein * * *."
The offense is one for which a shortform indictment is authorized by La.C.Cr. P. art. 465. The short form indictment so authorized is: "A.B. committed simple burglary of the houseboat (or other structure, watercraft, or movable, as the case may be) belonging to C.D."
The State instituted prosecution by a short-form indictment or information. However, in so doing, it did not specify the particular structure entered. It simply charged that "* * * Floyd James Clark. . . did violate R.S. 14:62 in that he committed simple burglary of the movable belonging to Cathy A. Staff, located at 2286 Highland Road, Baton Rouge, Louisiana. * * *" (Italics ours.)
As the dissent in the present case points out, this deviation from the mandatory short form (by not specifying the particular structure but rather generically referring to the type of structure) raises, under the jurisprudence, an issue as to the validity of the indictment (information).
Article I, Section 10 of our State Constitution provides: "In all criminal prosecutions, the accused shall be informed of the nature and cause of the accusation against him; * * *."
This constitutional provision has until now been interpreted as requiring the indictment or information to state every essential fact of the offense with which charged. The indictment or information is regarded as the foundation of the prosecution and as the safeguard of the accused against being prosecuted for a non-crime or, on the contrary, against conduct so vaguely described as not to bar subsequent prosecutions (i. e., to undergo further jeopardy) for the same offense.
So fundamental has been regarded this foundation paper, that its validity will not be saved if the facts are supplemented by a bill of particulars or if, from the facts of the prosecution itself, any vagueness or insufficiency is dispelled. If the indictment or information is constitutionally invalid, the infirmity is not waived by the accused going to trial on it without objection, and, on appeal after conviction, the entire prosecution must be dismissed because of the invalidity of the indictment or information upon which this prosecution is based.
Among the recent decisions which have reaffirmed these jurisprudential holdings, dating from our earliest days as a state, are: State v. Spina, 261 La. 397, 259 So.2d 891 (1972); State v. Raby, 259 La. 909, 253 So.2d 370 (1971); State v. Butler, 259 La. 560, 250 So.2d 740 (1971). An important decision, State v. Straughan, 229 La. 1036, 87 So.2d 523 (1956), which invalidated as unconstitutional legislation designed to permit charging by name and article number of the offense, discusses the traditional reasons of fundamental safeguard of individual rights underlying this extremely technical line of jurisprudence.
The short-form indictment has withstood attack against the contention that it did not, as constitutionally required by Article I, Section 10, inform the defendant of "the *616 nature and cause of the accusation against him." It did so, because of the requirement that, upon request of the defendant for a bill of particulars, the State must inform him of the essential facts constituting the offense with which charged.
See: State v. Wright, 254 La. 521, 225 So.2d 201 (1969); State v. Barnes, 242 La. 102, 134 So.2d 890 (1961); State v. Holmes, 223 La. 397, 65 So.2d 890 (1953); State v. Nichols, 216 La. 622, 44 So.2d 318 (1950); State v. Miller, 170 La. 51, 127 So. 361 (1930). See also Comment, 6 La. L.Rev. 78 (1944) and Note, 25 Tul.L.Rev. 121 (1950).
The jurisprudence thus holds that one charged by a short form is entitled to be furnished a bill of particulars furnishing him with:
"the essential facts constituting the offense charged", La.C.Cr.P. art. 464;
"further information, in a proper case, regarding what the State intends to prove, in order that, in fairness, the accused may more properly defend himself", State v. Wright, cited above, at 225 So.2d 203;
information "setting out more specifically and in detail the offense charged. And this is particularly true [where the offense] may be committed in a number of different ways", State v. Mann, 250 La. 1086, 202 So.2d 259, 262 (1967);
a description of the offense "`with such certainty as would enable the accused to plead the judgment that may be given on it in bar of another prosecution for the same offense'", State v. Holmes, cited above, at 65 So.2d 891;
information "setting forth more specifically the nature of the offense charged", State v. Nichols, cited above, at 44 So.2d 319;
information as to the nature and cause of the accusation "necessary to enable the defendant to defend himself intelligently", State v. Brooks, 173 La. 9, 136 So. 71 (1931).
Official Revision Comment (b) to Article 465, which provides for short form indictments authoritatively notes that the defendant "may procure details as to the alleged method of commission through a bill of particulars".
Thus, in the instant case, the defendant by motion for a bill of particulars was entitled to learn just what movable (in this case, an automobile) he was charged with burglarizing. He did not so move. Nor did he prior to trial attack the sufficiency of the indictment (information), so as to permit its amendment if insufficient.
In State v. Thomas, 260 La. 784, 257 So.2d 406, 408 (1972), we recently summarized the reasons for requiring specific information in the indictment as to the nature and cause of the offense charged: "The fundamental requirement is that the bill of information or indictment must contain all the essential elements of the crime intended to be charged in sufficient particularity (1) to enable the defendant to prepare for trial, as well as (2) to allow the court to determine the propriety of the evidence which is submitted upon the trial and to impose the correct punishment upon a verdict of guilty, and (3) to afford protection from subsequent prosecution for the same offense."
Conceding that these values would have been better served had the State specified the particular movable burglarized, we cannot see that these values have been so impaired as to require reversal and dismissal where the indictment charged burglary of a "movable" (rather than of an "automobile") belonging to a specified person on a specified date:
The defendant does not claim any actual surprise or lack of notice as to the particulars of the offense with which charged. From at least the opening statement of the prosecuting attorney, and usually from pre-trial motions, the court is put upon notice of the offense for proof of which evidence is or is not admissible. And, from *617 inspection of the evidence in this case, the defendant will be adequately protected from further prosecution for the same offense for which tried, State v. Didier, 262 La. 364, 263 So.2d 322 (1972), Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970).
We therefore do not find the indictment (information) in this case defective so as to be a reversible error discoverable by mere inspection of the pleadings. See La. C.Cr.P. art. 920(2) and cf. La.C.Cr.P. art. 535(a)(2) and Official Revision Comment (b)(2).

Decree
We therefore affirm the conviction and sentence.
Affirmed.
TATE, Justice (assigning additional concurring reasons).
The writer has previously noted his personal opinion that the ultratechnical jurisprudence concerning the validity of indictments should be re-examined. State v. Smith, La., 275 So.2d 733, 734 (concurring opinion).
This jurisprudence is founded on the requirement of Article I, Section 10 of our state constitution that "the accused shall be informed of the nature and cause of the accusation against him". It was first found in our state constitution of 1879, see Article 8, and apparently was taken from the Sixth Amendment to the United States Constitution, the amendment being ratified in 1791.
As consistently interpreted in Louisiana, our courts have held that this constitutional provision requires that all the essential facts be found in the indictment or information and that any deficiency as to this requirement constitutes error patent on the face of the record which obliges the court to reverse and dismiss the prosecution. See decisions cited in the majority opinion. This is so, although the defendant has not complained of the alleged deficiency at any time, although there is no real surprise or prejudice to the defendant, and although there is in actuality no doubt at all as to the offense with which the defendant is charged.
The reasons for this ultra-strict requirement are rooted in ancient conditions. First, at the time the requirement was formulated, the defendant had no real means other than through the indictment to learn before trial of the particulars or the offense for which he was to be tried. Second, the common law's development of the predecessor decisions for our state's jurisprudence was founded in a reaction against the number and severity of crimes. (For instance, there were over 160 capital crimes in eighteenth century England.) See Slovenko, The Accusation in Louisiana Criminal Law, 32 Tul.L.Rev. 47 (1957).
In practically no modern American jurisdiction except Louisiana has the constitutional requirement been interpreted with such rigidity. Ralston, Sufficiency of the Charge in an Indictment in Louisiana, 20 Tul.L.Rev. 220 (1945). There is simply no functional reason for such interpretation under modern-day legal procedures and in the context of today's courts and conditions.
The defendant's right to know in advance of the trial sufficient particulars as to enable him to defend himself intelligently can be adequately protected by the bill of particulars and other discovery devices authorized and to be authorized. Similarly, modern technology and the common practice of transcribing the evidence in criminal trials, now protects him against further prosecution for the crime for which tried by a perhaps vague indictment.
It is interesting to note that in the Louisiana Constitutional Convention of 1973 the discussion concerning the equivalent provision concentrated on explaining its meaning as assuring an accused reasonable discovery of the State's case against him sufficient to assure him the opportunity to prepare an intelligent defense, but completely *618 discounted it as meaning that the indictment must contain all such essential and reasonably necessary facts. See verbatim transcript of debates for September 7 and 8, 1973. Under the ordinary meaning of the language, it should not be restricted to meaning that the defendant must by indictment be informed of the nature and cause of the accusation against himit should be sufficient, in the absence of surprise or prejudice, that he be so informed by means in addition to the indictment.
For reasons similar to these, I believe the ancient jurisprudence should be reevaluated in the light of the functional intent of the constitutional provision and of the means afforded the defendant by modern criminal law to protect himself against surprise and prejudice. I think, for instance, that State v. Straughan, 229 La. 1036, 87 So.2d 523 (1956), should be overruled and prior rulings of this court to the contrary be reinstatedso as to enable the legislature, as overruled by Straughan, to provide for a simpler and less technical indictment system.
Without such overruling and such re-examination of our ultratechnical jurisprudence, we will continue to have the sorry spectacle here of prolonged examination by the majority and dissenting opinions of whether an indictment technically meets the too-rigidly interpreted constitutional "requirement" that it contain all the essential facts of an offensewhere in fact both the state, the defense, and the court know what is at issue, both for the present trial as well as for future jeopardy purposes.
SANDERS, C. J., concurs with written reasons.
SUMMERS, J., dissents and assigns reasons.
BARHAM, J., dissents with reasons.
SANDERS, Chief Justice (concurring).
I agree that the Bill of Information is adequate to charge simple burglary. In my opinion, it complies with the short form for simple burglary set forth in Article 465 of the Louisiana Code of Criminal Procedure. It should be noted that the form for simple burglary contains no requirement that the movable be particularly described. Such a description can be secured by a Bill of Particulars.
It is now well established that the short form for simple burglary satisfies constitutional requirements. See State v. Bowers, 260 La. 436, 256 So.2d 435 (1972); State v. Wright, 254 La. 521, 225 So.2d 201 (1969); State v. Taylor, 253 La. 653, 219 So.2d 484 (1969).
I agree with the concurring opinion of Mr. Justice Tate that recent decisions of this Court have been excessively technical as to the adequacy of indictments. I include in that category State v. Smith, La., 275 So.2d 733 (1973); State v. Williams, La., 275 So.2d 738 (1973); State v. Raby, 259 La. 909, 253 So.2d 370 (1971); and State v. Butler, 259 La. 560, 250 So.2d 740 (1971).
I find nothing in the holding of State v. Straughan, 229 La. 1036, 87 So.2d 523 (1956), cited in the majority opinion, that requires a holding that the present Bill of Information is fatally defective. I agree with the concurring opinion, however, that the hypertechnical approach illustrated by the cases that I have cited should be changed.
For the reasons assigned, I respectfully concur.
BARHAM, Justice (dissenting).
I find that the bill of information under which the defendant was tried is fatally defective. The bill of information under which the defendant was tried states, in part, that:
"* * * Floyd James Clark * * * did violate R.S. 14:62 in that *619 he committed simple burglary of the movable belonging to Cathy A. Stapp, located at 2286 Highland Road, Baton Rouge, Louisiana * * *"
The above cited language is obviously an attempt to charge the defendant under the short form indictment for simple burglary set forth in La.C.Cr.P. Art. 465. The short form is set forth in that article as follows:
"Simple BurglaryA. B. committed simple burglary of the houseboat (or other structure, watercraft, or movable, as the case may be) belonging to C. D."
Article I, Section 10 of the Louisiana Constitution requires that in all criminal prosecutions the accused shall be informed of the nature and cause of the accusation against him.
In order to comply with this constitutional mandate, it is ordinarily necessary to charge every fact that forms an essential element of the crime intended to be charged. La.C.Cr.P. Art. 464; State v. Ford, 245 La. 490, 159 So.2d 129 (1964), cert. denied, 379 U.S. 10, 85 S.Ct. 80, 13 L.Ed.2d 22 (1964); State v. Dozier, 258 La. 323, 246 So.2d 187 (1971); State v. Baker, 261 La. 233, 259 So.2d 306 (1972). In those commonly charged crimes for which a specific short form indictment is set forth in Article 465 of the Code of Criminal Procedure, it has been held to be constitutionally sufficient to follow the short form, due to the provisions in our law for a bill of particulars to further inform the defendant of the nature of the charge against him. State v. Fruge, 251 La. 283, 204 So.2d 287 (1967); State v. Wright, 254 La. 521, 225 So.2d 201 (1969); State v. Taylor, 253 La. 653, 219 So.2d 484 (1969); State v. Bowers, 260 La. 436, 256 So.2d 435 (1972). Strict compliance with the prescribed short form is required, however, if the constitutional mandate is to be satisfied. While strict tracking of the language of the short form is not required, it is essential that if other words are used, they must unmistakably convey the same meaning as those contained in the short form. State v. Durbin, 235 La. 989, 106 So.2d 443 (1958); State v. Scott, 223 La. 769, 66 So.2d 802 (1953). See State v. Parrish, 272 So.2d 321 (La.1973) and State v. Dozier, supra.
R.S. 14:62 provides:
"Simple burglary is the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, with the intent to commit a felony or any theft therein, other than as set forth in Article 60.
"Whoever commits the crime of simple burglary shall be imprisoned at hard labor for not more than nine years."
From the language of R.S. 14:62, as well as the language of the short form set forth above, it is clear that the nature of the "structure" entered must be set forth in the bill of information. This is required not only in order to clearly inform the defendant of the nature of the charge against him, but also to support a plea of former jeopardy in the event of a subsequent prosecution for the same criminal act. State v. Dozier, supra.
In the instant case the bill of information merely charged the defendant with the burglary of a "movable". The term "movable" applies to an entire class of property. See La.Civ.Code Art. 472 et seq. Not only is this term insufficient to define specific property for purposes of maintaining a plea of former jeopardy, but it is also clear that most property classed as a "movable" under the Civil Code would not be susceptible of being burglarized, since an "entry" is a necessary element of the crime of burglary. The use of the term "movable" in the bill of information may be contrasted with the example given in the short form indictment of a houseboat. Though classed as a "movable", a houseboat (or an automobile, as in the instant case) is one of the limited number of "movables" which would be susceptible of being burglarized. Nor does the inclusion of the location at which *620 the alleged crime took place aid in narrowing the description given in the bill of information, since by definition a "movable" is not confined to a particular location. Cf. State v. Bowers, supra, in which the bill of information charged that the defendant "did commit simple burglary of a business in Bastrop, Louisiana, known as the West Madison Garage and the property of John Pugh Anderson." In that case this Court found that the accusation was sufficient since the description of the premises "* * * connotes in ordinary language a structure devoted to the garage business."
I respectfully dissent.
SUMMERS, Justice (dissenting).
A faulty indictment (information) is an error patent on the face of the record. As such it need not be made the basis of a motion to quash or be otherwise objected to for the court to note its defect on appeal. La.Code Crim.Proc. art. 920(2); State v. Raby, 259 La. 909, 253 So.2d 370 (1971).
The short-form indictment used in this prosecution charged that ". . . Floyd James Clark . . . did violate R.S. 14:62 in that he committed simple burglary of the movable belonging to Cathy A. Staff, located at 2286 Highland Road, Baton Rouge, Louisiana . . . ." (emphasis added).
The short form indictment authorized by Article 465 of the Code of Criminal Procedure is: "A. B. committed simple burglary of the houseboat (or other structure, watercraft, or movable, as the case may be) belonging to C. D."
In my view the indictment is defective for the movable is not described. Simply referring to "movable" virtually informs the accused of nothing, so general is the word. In my opinion "houseboat" and "watercraft" are illustrations of the "movables" which may be the objects of simple burglary and the words "or movable, as the case may be" requires that the movable entered be mentioned, such as automobile, airplane, etc., as the case may be.
When the short-form indictment is used it must be meticulously adhered to as set out in Article 465 of the Code of Criminal Procedure. State v. Parrish, 272 So.2d 321 (La.1973).
I respectfully dissent.
NOTES
[1] La.R.S. 14:62 (1972) provides:

"Simple burglary is the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, with the intent to commit a felony or any theft therein, other than as set forth in Article 60. [This article sets forth the crime of aggravated burglary, which additionally includes an element of being armed or of committing a battery.]
"Whoever commits the crime of simple burglary shall be imprisoned at hard labor for not more than nine years."