DIXON, Justice.
On the 22nd of May, 1974 the defendant was charged by bill of information (short form) with simple burglary. Defendant pleaded guilty but a motion in arrest of judgment was filed. The trial judge denied the motion and the defendant has appealed.
The basis of the motion to arrest judgment and the only point argued in brief is that the short form bill of information used in this case is defective. The bill of information charges that the defendant committed simple burglary in that:
“in November, 1973, while in Caldwell Parish, Louisiana, he committed simple burglary of the camp belonging to Walter George Specht, taking one chain saw, in violation of LRS 14:62;
The bill of information properly follows the statutory model set out at Article 465 of the Code of Criminal Procedure. The defendant, however, argues that the word “camp” does not identify a building or structure that was burglarized, thus making the bill of information defective.
One of the elements of the crime of burglary is the unlawful entry into a house or other structure. Numerous cases indicate that any burglary indictment or bill of information must specify the structure burglarized. State v. Broussard, 233 La. 866, 98 So.2d 218 (1957); State v. McDonald, 178 La. 612, 152 So. 308 (1934). However, if an ordinary reading of the information indicates that a structure was burglarized, the information is sufficient. In State v. Bowers, 260 La. 436, 256 So.2d 435 (1972), we held that a “business . . . known as the West Madison Garage” adequately charged burglary of a structure.
One recognized definition of “camp” is “tent, cabin or other shelter.” Webster’s Third New International Dictionary, G. & C. Merriam Company. The use of the word “camp” obviously did not confuse the defendant or his attorney; they made no effort to gather more information about the crime by motion for bill of particulars or otherwise.
There are no errors patent on the face of the record. Accordingly, the denial of the motion in arrest of judgment was correct; the conviction and sentence are affirmed.