TATE, Justice.
The defendant Smith was convicted of distribution of heroin, La.R.S. 40:966, and sentenced to eighteen years at hard labor. On his appeal, he relies upon one bill of exceptions.
It is contended that Officer Driscoll, a state witness, deliberately injected mention of another crime, in non-responsive reply to a question under cross-examination. La.R.S. 15:445, 15:446; La.C.Cr.P. arts. 770(2), 771; State v. Prieur, 277 So.2d 126 (La.1973), and succeeding jurisprudence. Therefore, the defendant argues, his motion for a mistrial was improperly denied.
An extremely close issue is presented. If the reference was made in a clearly non-responsive reply, we tend to believe that mistrial might have been mandated and reversal required. Ultimately, we conclude that reversal is not here warranted, at least in the absence of further indication *581 that prejudicially inadmissible evidence of another offense was deliberately injected.
The defendant was on trial for a heroin offense committed on January 7, 1973. Officer Driscoll had identified the defendant Smith as a participant. However, the defense cast doubt on his identification as based on too slight an opportunity to identify this unknown person from this one occasion.
Therefore, the State called Officer Dris-coll back on rebuttal (without objection). Without specifically identifying the occasion as another drug investigation, Driscoll testified on direct examination as to another occasion, subsequently on January 19th, when he had observed the defendant in company with a co-conspirator, Banks. He stated that he positively identified the defendant then as the same man he had seen on the earlier date of the present offense, and that he was the same man now before the court.
Apparently to cast into question Dris-coll’s ability to identify the defendant (and referring to Driscoll’s earlier alleged inability to maintain close surveillance of the defendant when the present offense was committed), the defendant’s counsel asked:
“Q. Officer Driscoll, how much trouble did you have following, on this January 19th surveillance that you were on, how much trouble did you have following the people from, uh, from where you followed them from to where you followed them to?”
The officer replied:
“A. None whatsoever, since we left the Capital Area Narcotics Control office, we went directly to the intersection of Williamson and Greenwell, they parked in the parking lot area of the store or building right there at that intersection which I previously described, uh, they apparently culminated a transaction and signalled me to return back to the Capital Area Narcotics Control office,” (Italics ours.)
The jpry had probably already inferred from the unobj ected-to testimony on direct examination that a narcotics investigation was the occasion of the surveillance. Yet the officer could (and should) have avoided reference that the people he observed had “culminated a transaction”. In context, this certainly suggested to the jury that the defendant had been observed in another drug transaction (which, itself, concededly was not admissible in evidence at this trial).
However, due to the indefiniteness of the question, the reference is not so clearly unresponsive, nor was it so pointedly and unmistakably prejudicial, as to warrant a mistrial; at least, in the absence of some indication that the prosecution participated in planning the reference to inadmissible evidence by its witness, this police officer.
Nevertheless, once again we are faced with a response by a trained police officer to an innocent question which skirts being non-responsive in injecting a reference to prejudicial and inadmissible evidence. See: State v. Foss, 310 So.2d 573 (rendered this date); State v. Johnson, 306 So.2d 724 (La.1975); State v. Clark, 288 So.2d 612 (La.1974) and decisions therein cited.
We have until now regarded such replies as unanticipated responses by a mere witness and thus usually curable by admonition, La.C.Cr.P. art. 771, rather than as prohibited references by a court officer requiring mistrial, La.C.Cr.P. art. 770. The dissent in Johnson suggests that, instead, the prejudicial injection of inadmissible evidence by a law enforcement officer testifying for the prosecution should be considered as prejudicial action by the state; for prosecutors probably have it within their power to curb the practice by cautioning officers before they testify for the state, as well as by encouraging law enforcement agencies within their jurisdiction to emphasize to their personnel the impropriety *582 of such responses. For the reasons earlier indicated, however, we do not regard it as appropriate at this time to re-examine the issue.
Accordingly, for the reasons assigned, we affirm the conviction and sentence.
Affirmed.
SANDERS, C. J., concurs in the result.