_____

No. 95-2690
_____

United States of America,          *
                                   *
          Appellee,                *
                                   *   Appeal from the United States
     v.                            *   District Court for the
                                   *   Eastern District of Missouri.
Joseph W. Demint,                  *
                                   *          [PUBLISHED]
          Appellant.               *


_____

Submitted:  January 19, 1996

Filed:  January 26, 1996
_____

Before McMILLIAN, WOLLMAN, and MURPHY, Circuit Judges.
_____

PER CURIAM.


     Joseph W. Demint appeals his sentence as an armed career
criminal pursuant to the Armed Career Criminal Act (ACCA), 18
U.S.C. § 924(e)(1), and U.S.S.G. § 4B1.4(a).  We affirm.


     Following a jury trial, Demint was convicted of being a felon
in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).
Demint's indictment and presentence report (PSR) set forth the
following three prior convictions as the basis for sentencing under
the ACCA:  (1) a 1979 Louisiana conviction for simple burglary; (2)
a 1979 Florida conviction for attempted burglary and for possession
of burglary tools; and (3) a 1980 Louisiana conviction for simple
burglary.  In objections to the PSR and again at sentencing, Demint
claimed that he should not be sentenced under the ACCA.  First,
Demint argued that, because his 1980 Louisiana conviction was for
burglary of a camp, the applicable Louisiana statute did not fit

within the generic definition of burglary set forth in United States v. Taylor, 495 U.S. 575, 599 (1990); that the charging papers and final judgment did not indicate that the "camp" was considered a "structure"; and that the court should not consider the guilty-plea paper from the conviction to determine whether the conviction fell within the generic Taylor definition of burglary. Second, Demint argued that the 1979 Florida conviction for attempted burglary was not a "violent felony" for purposes of the ACCA. After determining that both convictions constituted "violent felonies" as defined in 18 U.S.C. § 924(e)(2)(B)(ii), the district court[1] overruled Demint's objections and sentenced him under the ACCA to 290 months imprisonment. Demint reiterates his arguments on appeal. We address each conviction in turn.

## A. 1980 Louisiana Conviction For Simple Burglary.

"Burglary" is included in the definition of violent felonies that may constitute predicate offenses for a section 924(e)(1) enhancement. 18 U.S.C. § 924(e)(2)(B)(ii). For purposes of section 924(e), "burglary" is "any crime . . . having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." Taylor, 495 U.S. at 599 (formulating a "generic" definition of burglary).

The Louisiana statute under which Demint was convicted defines burglary more broadly than the generic definition in Taylor, because the statute includes vehicles and watercraft. See La. Rev. Stat. Ann. § 14:62 (West 1980); cf. United States v. Taylor, 932 F.2d 703, 707 (8th Cir.) (noting Missouri statute broader than Taylor definition where it included booths, tents, boats, vessels, and railroad cars), cert. denied, 502 U.S. 888 (1991); United States v. Payton, 918 F.2d 54, 55 & n.1 (8th Cir. 1990) (noting

_____

[1]The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

-2-

Iowa statue broader than <u>Taylor</u> definition where it included railroad cars, boats, and vessels), <u>cert. denied</u>, 502 U.S. 948 (1991). Therefore, the district court properly referred to the charging paper and the text of Demint's guilty plea to determine whether Demint's plea was to a charge meeting the generic definition of burglary. <u>See</u> <u>Taylor</u>, 495 U.S. at 600-02; <u>United States v. Barney</u>, 955 F.2d 635, 639 (10th Cir. 1992); <u>United States v. Sweeten</u>, 933 F.2d 765, 769 (9th Cir. 1991); <u>cf.</u> <u>Taylor</u>, 932 F.2d at 708-09 (on remand from 495 U.S. 575; guilty plea was to charge meeting generic definition of burglary; probation report showed defendant pleaded guilty to burglary of building). These documents show that Demint "committed Simple Burglary of a camp," and that the elements of the crime were that he "entered a structure unauthorized with the intent to commit a theft therein or a felony." Under Louisiana law a "camp" is considered a "structure." <u>See</u> <u>State v. Palmer</u>, 305 So. 2d 513, 513-14 (La. 1974). Accordingly, we conclude that Demint's 1980 Louisiana conviction fit within the generic definition of "burglary," and that the district court properly determined this conviction constituted a "violent felony" under section 924(e)(2)(B)(ii).

**B. 1979 Florida Conviction For Attempted Burglary.**

Under Florida law, Demint's conviction for the attempted burglary of a dwelling is not "burglary" as that term is used in section 924(e)(2)(B)(ii). <u>See</u> <u>Taylor</u>, 495 U.S. at 599. The parties dispute, however, whether Demint's attempted burglary conviction meets the "catch-all" provision of section 924(e)(2)(B)(ii)--that is, "otherwise involves conduct that presents a serious potential risk of physical injury to another."

Under Florida law, "`burglary' means entering or remaining in a structure or a conveyance with the intent to commit an offense therein." Fla. Stat. ch. 810.02 (1994). The Florida attempt

-3-

statute under which Demint was convicted states in part:

> (1) A person who attempts to commit an offense prohibited by law and in such attempt does <u>any</u> <u>act</u> toward the commission of such offense, but fails in the perpetration or is intercepted or prevented in the execution thereof, commits the offense of criminal attempt . . . .

Fla. Stat. ch. 777.04 (1994) (emphasis added).

Demint argues that because the Florida attempt statute can be violated based on "any act," this court should find that his conviction does not constitute a violent felony under the catch-all provision of section 924(e)(2)(B)(ii). See <u>United States v. Permenter</u>, 969 F.2d 911, 912-15 (10th Cir. 1992) (attempted burglary does not fall within the catch-all provision in part because under Oklahoma law "any act" done toward the commission of the attempted crime may provide basis for conviction for attempt). We reject this argument, however, because the Florida courts have interpreted the attempt statute to require more. Specifically, attempted burglary requires proof of (1) specific intent to commit burglary and (2) "any overt act reasonably calculated to accomplish the commission of the offense intended, going beyond mere preparation but falling short of accomplishing the crime intended." <u>Ellis v. Florida</u>, 425 So. 2d 201, 202 (Fla. Ct. App. 1983); <u>see</u> <u>Groneau v. Florida</u>, 201 So. 2d 599, 603 (Fla. Ct. App.) (attempt is punishable when act is performed with intent to complete crime, but completion fails due to intervening cause), <u>cert. denied</u>, 207 So. 2d 452 (Fla. 1967).

We conclude the essential elements of the crime of attempt in Florida--as interpreted by Florida's courts--are equivalent to those under the Minnesota law discussed in <u>United States v. Solomon</u>, 998 F.2d 587, 589-91 (8th Cir.) (under Minnesota law, attempted burglary requires an overt act beyond mere preparation,

-4-

and law was intended to punish those who would have completed the crime absent intervening circumstances; therefore, attempted burglary in Minnesota, like second-degree burglary, "carries a serious potential risk of physical injury to another"), cert. denied, 114 S. Ct. 639 (1993).  Thus, we conclude Florida's attempted burglary law punishes only "conduct that presents a serious potential risk of physical injury to another," and therefore the district court properly concluded Demint's conviction falls within the "catch-all" provision of 924(e)(2)(B)(ii).

Because Demint's three previous convictions constituted "violent felonies" as defined in 18 U.S.C. § 924(e)(2)(B), the district court correctly concluded he was subject to an enhancement under the ACCA.  Thus, the district court did not err in sentencing Demint as an armed career criminal.  See U.S.S.G. § 4B1.4(a) (defendant subject to enhanced sentence under 18 U.S.C. § 924(e) is "an armed career criminal").  We deny Demint's motion to supplement the record.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-5-