_____

No. 96-2571
_____

United States of America,          *
                                   *
          Appellee,                *
                                   *   Appeal from the United States
     v.                            *   District Court for the
                                   *   District of North Dakota.
Cecil L. Wallis,                   *
                                   *          [UNPUBLISHED]
          Appellant.               *

_____

Submitted: November 5, 1996

Filed: November 15, 1996
_____

Before BOWMAN, MAGILL, and LOKEN, Circuit Judges.
_____

PER CURIAM.


     Cecil L. Wallis pleaded guilty to being a felon in possession of a
firearm.  He appeals his mandatory minimum fifteen-year prison sentence
under the Armed Career Criminal Act, 18 U.S.C. § 924(e) and U.S.S.G. §
4B1.4(a), arguing that he does not have the requisite three predicate
offenses.  The district court[1] held that his three prior Texas and Arizona
burglary convictions were predicate "violent felonies" under 18 U.S.C.
§ 924(e)(2)(B).  We agree and therefore affirm.


     "Burglary" is included as a violent felony if it "involves conduct
that presents a serious potential risk of physical injury to another."  18
U.S.C. § 924(e)(2)(B)(ii).  Wallis argues that he was convicted under Texas
and Arizona burglary statutes that do not

_____

[1]The HONORABLE PATRICK A. CONMY, United States District
Judge for the District of North Dakota.

meet the generic definition of burglary set forth in <u>United States v. Taylor</u>, 495 U.S. 575, 599 (1990): "any crime . . . having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." <u>Taylor</u> instructs us to first review those state statutes using a "formal categorical approach, looking only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions." <u>Id.</u> at 600.

The Texas statute defined burglary as entry into a "habitation," including a "vehicle that is adapted for the overnight accommodation of persons." Tex. Penal Code Ann. §§ 30.01, 30.02 (1994). We agree with other circuits that this meets the generic burglary definition. <u>See</u> <u>United States v. Spring</u>, 80 F.3d 1450, 1462-63 (10th Cir. 1996) (rejecting argument that inclusion of "vehicle adapted for the overnight accommodation of persons" rendered statute nongeneric); <u>United States v. Silva</u>, 957 F.2d 157, 162 (5th Cir.), <u>cert. denied</u>, 506 U.S. 887 (1992); <u>United States v. Sweeten</u>, 933 F.2d 765, 771 (9th Cir. 1991). The Arizona statute included burglary of a "yard." Ariz. Rev. Stat. § 13-1506 (1989). Although that expanded burglary beyond the generic definition in <u>Taylor</u>, the district court properly determined, by examining the paper charging Wallis with his offense under that statute, that his conduct met the generic burglary definition. <u>See</u> <u>United States v. Demint</u>, 74 F.3d 876, 877 (8th Cir.), <u>cert. denied</u>, No. 96-5128, 1996 WL 395822 (U.S. Oct. 21, 1996).

Accordingly, the judgment is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-