UNITED STATES of America, Appellee,

v.

George H. CROFT, Appellant.

No. 89–2517.

United States Court of Appeals,
Eighth Circuit.

Submitted March 13, 1990.

Decided July 16, 1990.

R. Thomas Day, St. Louis, Mo., for appellant.

James K. Steitz, St. Louis, Mo., for appellee.

1. The Honorable John F. Nangle, Chief Judge, United States District Court for the Eastern District of Missouri.

Before FAGG, Circuit Judge, and FLOYD R. GIBSON, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

WOLLMAN, Circuit Judge.

St. Louis police officers arrested George Croft in January 1988 when they found him sitting in an illegally-parked car with marijuana in plain view. While searching the car, the officers found a sawed-off shotgun. Croft was indicted for possessing an unregistered firearm in violation of 26 U.S.C. §§ 5861(d) and 5871 and for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). At trial the government proved that Croft had five prior felony convictions. The jury convicted Croft on both counts.

Pursuant to section 924(e)(1), which enhances the sentence of a defendant convicted of violating section 922(g) who has three previous "violent felony" convictions, the district court[1] sentenced Croft to fifteen years' imprisonment on the section 922(g) count. Croft appeals this sentence on the grounds that two previous burglary convictions were not "violent felonies" as defined in section 924(e)(2)(B).

The United States Supreme Court recently defined the circumstances in which a burglary conviction will qualify as a "violent felony" conviction under section 924(e)(1). *Taylor v. United States,* — U.S. —, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). The statute under which a defendant was convicted must have incorporated a "generic, contemporary meaning of burglary" containing the elements of "unlawful or unprivileged entry into or remaining in a building or other structure, with intent to commit a crime." *Id.* at —, 110 S.Ct. at 2158.

Croft was convicted in 1979 under Missouri law for first and second degree burglary. Burglary in the first degree was defined in section 560.040 of the Missouri Revised Statutes, in pertinent part, as "breaking into and entering the dwelling

house of another ... with intent to commit some felony or to steal therein," thus incorporating the generic elements of a defendant's unprivileged presence in a building or structure with the intent to commit a crime. Croft acknowledged that he had broken into an occupied dwelling with the intent to steal personal property.

With respect to the second degree burglary charge, Croft admitted that he had entered a garage without permission with intent to steal property. These admitted facts established the elements of Mo.Rev. Stat. § 560.070, which provided in part that

> [e]very person who shall be convicted of breaking and entering any building, the breaking and entering of which shall not be declared by any statute of this state to be burglary in the first degree * * * with the intent to steal or commit any crime therein, shall * * * be adjudged guilty of burglary in the second degree.

This statute incorporated the elements necessary to satisfy the "generic contemporary meaning of burglary" as defined in *Taylor*. Accordingly, the district court properly took Croft's 1979 burglary convictions into account when it sentenced him under section 924(e)(1). For a similar holding regarding the contemporary version of Missouri's burglary statutes, *see United States v. Whitfield*, 907 F.2d 798 (8th Cir. 1990).

We have considered the other issues Croft raises in his brief and conclude that they are without merit and do not warrant further discussion.

The judgment is affirmed.