UNITED STATES of America, Appellee,

v.

Arthur Lajuane TAYLOR, Appellant.

UNITED STATES of America, Appellee,

v.

Jackie L. BANKS, Appellant.

Nos. 90–2844, 90–2842.

United States Court of Appeals,
Eighth Circuit.

Submitted April 9, 1991.

Decided May 1, 1991.

Bruce D. Livingston, St. Louis, Mo., for appellant Taylor.

R. Thomas Day of St. Louis, Mo., for appellant Banks.

Richard L. Poehling of St. Louis, Mo., for appellee.

Before LAY, Chief Judge, FRIEDMAN,* Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

FRIEDMAN, Senior Circuit Judge.

Under 18 U.S.C. § 924(e)(1), the sentence of a person convicted of violating 18 U.S.C. § 922(g)(1) (possession of a firearm by a previously convicted felon) is enhanced if the person has three previous convictions for a "violent felony," which the statute defines to include "burglary". *See* 18 U.S.C. § 924(e)(2)(B)(ii). The question in these two appeals, which we decide in a single opinion, is whether the district court correctly held that prior burglary convictions of each appellant in Missouri state courts were for "burglary" under § 924(e).

In a prior appeal in one of these cases, the Supreme Court held that burglary is used in that section in the "generic" sense of "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor v. United States,* — U.S. —, 110 S.Ct. 2143, 2158, 109 L.Ed.2d 607 (1990). In each of these cases, the district court held that the appellants' burglary convictions were for a crime that constituted "generic" burglary under the Supreme Court test and the court, therefore, imposed an enhanced sentence on each appellant. We affirm.

I.

A. *United States v. Taylor.*

1. Following Taylor's guilty plea in the United States District Court for the Eastern District of Missouri to possession of a firearm by a convicted felon (18 U.S.C. § 922(g)(1)), the district court imposed an enhanced sentence under 18 U.S.C. § 924(e) of 15 years imprisonment without possibility of parole, based on Taylor's four prior felony convictions. Two of these were for second-degree burglary under Missouri law.

---

* Daniel M. Friedman, of the Court of Appeals for the Federal Circuit, sitting by designation.

On appeal, Taylor challenged only his enhanced sentence. This court affirmed. *United States v. Taylor,* 864 F.2d 625 (8th Cir.1989). The court rejected Taylor's contention that second-degree burglary was not a "violent" felony under Missouri law for purposes of 18 U.S.C. § 924(e), ruling that "burglary" in the sentence enhancement statute means "burglary however a state chooses to define it." 864 F.2d at 627 (quoting *United States v. Portwood,* 857 F.2d 1221, 1224 (8th Cir.1988), *cert. denied,* 490 U.S. 1069, 109 S.Ct. 2073, 104 L.Ed.2d 638 (1989)).

2. The Supreme Court vacated our judgment of affirmance and remanded the case. The Court first rejected this court's definition of burglary as covering any offense a state designated as burglary, because "[i]t seems to us to be implausible that Congress intended the meaning of 'burglary' for purposes of § 924(e) to depend on the definition adopted by the State of conviction." — U.S. at ——, 110 S.Ct. at 2154. It ruled that " 'burglary' in § 924(e) must have some uniform definition independent of the labels employed by the various States' criminal codes." — U.S. at ——, 110 S.Ct. at 2155. On this aspect of the case, the Court concluded that:

> Congress meant, by "burglary," the generic sense in which the term is now used in the criminal codes of most States.
>
> Although the exact formulations vary, the generic, contemporary meaning of burglary contains at least the following elements: an unlawful or unprivileged entry into or remaining in a building or other structure, with intent to commit a crime.
>
> . . . .
>
> We conclude that a person has been convicted of burglary for purposes of a § 924(e) enhancement if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime.

—— U.S. at ——, 110 S.Ct. at 2158 (citation and footnote omitted).

The Court then turned to the application of this standard to Taylor's case. It noted that a few states had defined burglary more broadly than its generic form, and that "[o]ne of Missouri's second-degree burglary statutes in effect at the times of petitioner Taylor's convictions included breaking and entering 'any booth or tent, or any boat or vessel, or railroad car.' Mo.Rev.Stat. § 560.070 (1969) (repealed)." —— U.S. at ——, 110 S.Ct. at 2159. It ruled that where a defendant "has been convicted under a nongeneric-burglary statute, the Government may [not] seek enhancement on the grounds that he actually committed a generic burglary," and that "§ 924(e) mandates a formal categorical approach, looking only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions." —— U.S. at ——, 110 S.Ct. at 2159, (footnote omitted).

The Court ruled that § 924(e)(2)(B)(ii) "generically requires the trial court to look only to the fact of conviction and the statutory definition of the prior offense." —— U.S. at ——, 110 S.Ct. at 2160 (footnote omitted). It stated:

> We therefore hold that an offense constitutes "burglary" for purposes of a § 924(e) sentence enhancement if either its statutory definition substantially corresponds to "generic" burglary, or the charging paper and jury instructions actually required the jury to find all the elements of generic burglary in order to convict the defendant.
>
> In Taylor's case, most but not all the former Missouri statutes defining second-degree burglary include all the elements of generic burglary. See n. 1, *supra.* Despite the Government's argument to the contrary, it is not apparent to us from the sparse record before us which of those statutes were the bases for Taylor's prior convictions. We therefore vacate the judgment of the Court of Appeals and remand the case for further proceedings consistent with this opinion.

—— U.S. at ——, 110 S.Ct. at 2160.

3. On the remand, the district court affirmed the enhanced sentence originally im-

posed. The court rejected Taylor's contention that "because the records of the convictions do not themselves specify the statutes under which defendant was charged, plaintiff is unable to establish the statutes upon which his burglary convictions were based." *United States v. Taylor*, No. 87–147CR(1), slip op. at 3 (E.D.Mo. Oct. 18, 1990).

The court pointed out that "the charging instruments themselves support conclusions as to which statutes governed the convictions. The 1963 information charged defendant with breaking and entering a dwelling house with the felonious intent to steal property belonging to the owner and resident," conduct which, the court concluded, "could have been charged only" under two Missouri statutes, "both of which applied to dwellings." *Id.* at 3–4. The court reached a similar conclusion regarding Taylor's 1972 conviction "on the charge of breaking and entering the shop building of a service station with the intent to steal goods inside," a charge which, the court concluded, "could only have been brought under" another Missouri statute "which involved burglaries of buildings other than dwellings." *Id.* at 4. The court held that these three Missouri statutes all dealt with generic burglary for sentence enhancement purposes.

The court also rejected Taylor's alternative contention that the lack of any jury instructions precluded sentencing enhancement. The court pointed out that there were no such instructions because Taylor had pleaded

> guilty to both the 1963 and 1971 charges of second degree burglary. This possibility was not addressed by the Supreme Court in its opinion in the case, but this Court can hardly believe that the Supreme Court intended that the necessary lack of jury instructions in such a case would preclude the sentencing court's examination of the charge to which the defendant pled guilty to determine whether the elements of generic burglary were present. The elements being present in both charges, and the defendant having pled guilty to both crimes, the Court thinks there exists more than

abundant foundation for a determination that both the 1963 and 1972 second degree burglary convictions constitute burglary within the meaning of § 924(e) as delimited by the Supreme Court.

*Id.* at 4–5.

### B.  *United States v. Banks.*

Following Banks' conviction in the United States District Court for the Eastern District of Missouri of being a felon in possession of a firearm, the court enhanced the sentence based upon Banks' three convictions for burglary under Missouri law. On appeal, we affirmed the conviction, but vacated the sentence and remanded the case for further proceedings in light of the Supreme Court's decision in *Taylor*, which was rendered while Banks' appeal was pending. *United States v. Banks*, 915 F.2d 1576 (8th Cir.1990) (unpublished).

We noted that two of Banks' three burglary convictions were in 1984, "when second degree burglary in Missouri was defined by a single statute clearly meeting the *Taylor* standards," but that Banks' third burglary conviction was in 1973 "when Missouri had seven different statutes under which a person could be charged with second degree burglary. The record does not disclose which of those former statutes was the basis for Banks' 1973 conviction.... Having found nothing in the record to satisfy us that Banks' 1973 conviction meets the *Taylor* standards, we must remand to the district court for further findings on this matter." *Id.* at 3 (footnotes omitted).

On remand, the district court adhered to its prior sentence. It noted that although the record of Banks' 1973 conviction contained no statutory reference and there were no jury instructions since Banks pleaded guilty,

> the charging information in the case alleged that Banks "did feloniously and burglariously, forcibly break and enter store, shop and building ... [of] Schmitz Market." And the transcript record of the guilty plea reveals that Banks admitted his breaking the glass door of the market, his entering the store, and his

stealing of cigarettes and customer money orders from inside the market. Tr. Plea of Guilty at 6. These facts lead the Court to determine that Banks could only have been charged and convicted under the old Missouri burglary statute § 560.070 R.S.Mo., "Burglary involving breaking and entering enclosures besides dwelling places."

*United States v. Banks*, No. 89–50CR(1), slip op. at 2 (E.D.Mo. Oct. 18, 1990) (footnote omitted).

The court stated:

The Eighth Circuit Court of Appeals has recently determined that a conviction of burglary under § 560.070 R.S.Mo. is a felony conviction which satisfies the *Taylor* test for sentence enhancement under § 924(e). *U.S. v. Croft*, 908 F.2d 384, 385 (8th Cir.1990). This Court finds that the elements present in the charge of the 1973 burglary, defendant's admissions, and the facts in the record establish that defendant was convicted of a burglary having the basic elements of unlawful or unprivileged entry into a building or structure with intent to commit a crime.

*Id.* at 3.

II.

A. *United States v. Taylor.*

■ 1. The Supreme Court's concern in applying the standard of generic burglary to Taylor's prior Missouri second-degree burglary convictions, and the reason for the remand, was that on the record then before the Supreme Court it was impossible to determine whether those convictions were under a Missouri statute dealing with generic burglary. This was because (1) one of the Missouri second-degree burglary statutes at the time of those convictions covered "breaking and entering 'any booth or tent, or any boat or vessel, or railroad car.' Mo.Rev.Stat. § 560.070 (1969) (repealed)," —— U.S. at ——, 110 S.Ct. at 2159, and (2) the judgments of conviction merely referred to second-degree burglary and the record before the Court was too "sparse" to enable it to determine "which of those statutes were the basis for Taylor's prior convictions." —— U.S. at ——, 110 S.Ct. at 2160.

The "sparse" record was augmented in a critical respect on the remand proceedings in the district court. The government introduced the informations—or the "charging paper" in the language of *Taylor*—that specified the crimes to which Taylor had pleaded guilty.

In 1963, three second-degree burglary informations were filed against Taylor. Two of them charged him with "BURGLARY SECOND DEGREE AND STEALING," the third with only "BURGLARY SECOND DEGREE". The three cases were settled by a single order granting probation. The order recited that upon the "judgment of guilty of the offense of," followed by the words "BURGLARY SECOND DEGREE AND STEALING (2 chgs) and BURGLARY SECOND DEGREE." The words "BURGLARY SECOND DEGREE AND STEALING (2 chgs)" had a line drawn through them, thus indicating that Taylor had pleaded guilty only to the information charging "BURGLARY SECOND DEGREE".

The latter information charged that Taylor "did feloniously and burglariously, forcibly break and enter dwelling house and building" at a specified location owned by a specified individual. Taylor thus pleaded guilty to a charge of second-degree burglary that constituted "generic" burglary under the Supreme Court's *Taylor* standard because the breaking and entering was of a "dwelling house and building".

The 1971 information which led to Taylor's 1972 second-degree burglary conviction, where he also pleaded guilty, charged him with breaking and entering a "store, shop and building" at a specified location that was the property of "ROBERT TRIPP, doing business as TRIPP'S SHELL SERVICE." The 1972 second-degree burglary conviction also was for generic burglary because it involved breaking and entering a building.

We agree with the district court that the crimes charged in these informations violated the Missouri second-degree burglary statutes that covered generic burglary. The charge of breaking and entering a

dwelling house in the 1963 information alleged a violation of Mo.Rev.Stat. § 560.045 ("breaking into a dwelling house") or § 560.055 (entering a house through an open door or window and breaking in a door) (both 1969 and repealed). The charge of breaking and entering the "store, shop and building" in the 1971 information alleged a violation of the Mo.Rev.Stat. § 560.070 (1969) (repealed) (breaking and entering any building other than a dwelling house). In *United States v. Croft*, 908 F.2d 384 (8th Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 530, 112 L.Ed.2d 540 (1990), we held that § 560.070 "incorporated the elements necessary to satisfy the 'generic contemporary meaning of burglary' as defined in *Taylor*." *Id.* at 385.

The fact that neither information specified the particular Missouri statute under which it was laid does not preclude a conclusion that the information charged violations of those statutes. *Cf. Croft, supra.* The critical inquiry is whether the conduct the information charged violated the particular Missouri statutes, not whether the informations themselves referred to the statutes. Similarly, it is immaterial in the circumstances of this case that Taylor's guilty pleas did not refer to the statutes.

■ 2. Taylor challenges the enhanced sentence on two grounds. First, he notes the statement in *Taylor* that "an offense constitutes 'burglary' for purposes of a § 924(e) sentence enhancement if either its statutory definition substantially corresponds to 'generic' burglary, or the charging paper and jury instructions actually required the jury to find all the elements of generic burglary in order to convict the defendant." —— U.S. at ——, 110 S.Ct. at 2160. He states that although the charging paper may have alleged a generic burglary, because the Supreme Court used the conjunctive "and," the lack of any jury instruction or jury finding is fatal to the district court's determination that Taylor's 1963 and 1972 burglary convictions were for generic burglary.

The *Taylor* statement on which Taylor relies, however, dealt with a different situation from that in the present case. It

merely expanded the Court's previous statement that the sentencing court may "go beyond the mere fact of conviction in a narrow range of cases where a jury was actually required to find all the elements of generic burglary. For example, in a State whose burglary statutes include entry of an automobile as well as a building, if the indictment or information and jury instructions show that the defendant was charged only with a burglary of a building, and that the jury necessarily had to find an entry of a building to convict, then the Government should be allowed to use the conviction for enhancement." —— U.S. at ——, 110 S.Ct. at 2160. The jury instructions requirement does not apply in this case, where the information to which Taylor pleaded guilty charged the breaking and entering of a building or structure, which is generic burglary under the sentencing enhancement provision of § 924(e). *See United States v. Garza*, 921 F.2d 59, 61 (5th Cir.1991) ("The absence of jury instructions in a guilty plea setting does not negate the application of the second half of *Taylor* 's generic burglary rubric.").

The statement cannot be read, as Taylor would read it, to require, as a condition of using a burglary conviction for sentence enhancement where the information itself charges conduct constituting generic burglary, that there also must be jury instructions requiring the jury to find all the elements of generic burglary. Such a requirement would preclude the use of a prior burglary conviction in any case where the prior conviction resulted from a guilty plea or a bench trial. Here, as noted, the district court held on remand that the Missouri second-degree burglary statutes dealing with generic burglary covered the crimes charged in the informations to which Taylor pleaded guilty. There is nothing in *Taylor* that precludes the use of a burglary conviction entered on a guilty plea to an information that charged generic burglary. *Cf. United States v. Payton*, 918 F.2d 54, 56 (8th Cir.1990); *United States v. McConnell*, 916 F.2d 448, 449 (8th Cir.1990).

Taylor's second challenge to the use of his prior burglary convictions is that his guilty pleas may have resulted from plea bargains in which he may have pleaded guilty to a form of burglary that was not generic burglary, such as burglary of a tent. The order granting probation on the 1963 charges, however, showed that Taylor pleaded guilty to second-degree burglary of a dwelling house and building, not to some other lesser offense. Any plea bargain there presumably consisted of the dropping of two of the charges of second-degree burglary and Taylor's pleading guilty to the third charge. There is no reason to believe, or even to suspect, that the plea bargain entailed Taylor's plea to guilty of a different offense than the breaking and entering of a building that the information charged. There is no evidence in the record that Taylor's 1972 conviction resulted from a plea bargain. In any event, Taylor's speculation and conjecture provide no basis for ignoring the fact that he pleaded guilty to informations charging generic burglary.

### B. *United States v. Banks.*

Our analysis and conclusion that Taylor's burglary convictions were for generic burglary for purposes of sentence enhancement are equally applicable to and compel the same conclusion with respect to Banks' 1973 Missouri burglary conviction.

The record in the remanded proceedings in *Banks* shows that the information to which Banks pleaded guilty and upon which Banks' 1973 burglary conviction rested, charged that Banks "did feloniously and burglariously forcibly break and enter store, shop and building" at a specified location, the property of "MICHAEL SCHMITZ, doing business as SCHMITZ MARKET ..." In addition, the government introduced the transcript of the guilty plea proceedings before the Missouri court. As the district court noted, that transcript "reveals that Banks admitted his breaking the glass door of the market, his entering the store, and his stealing of cigarettes and customer money orders from inside the market." *United States v. Banks,* No. 89–

50CR(1), slip op. at 2 (E.D.Mo. Oct. 18, 1990).

The facts that in describing the state's evidence the prosecution stated that Schmitz had locked his "business premises" and that the police saw Banks running from the front door of the "store" from which glass had been broken out, but did not use the word "building," as the information did, does not undermine the conclusion that the offense to which Banks pleaded guilty and of which he was convicted was burglary of a "building." The district court correctly held that Banks "could only have been charged and convicted under the old Missouri burglary statute § 560.070 R.S.Mo.," *Id.,* which, as noted, this court has held constituted generic burglary for sentence enhancement purposes. *See Croft,* 908 F.2d at 385.

There is no basis for Banks' conjectural contention that he may have pleaded guilty to a form of burglary that § 560.070 also covers, but which was not generic burglary, such as burglary of a tent. This contention flies in the face of both the information and Banks' own admission of the crime he committed. The district court stated that the location of the Schmitz market was in downtown St. Louis. It is incredible to suggest that this market was a tent with a glass door.

In sum, the district court correctly found that "the elements present in the charge of the 1973 burglary, defendant's admissions, and the facts in the record establish that defendant was convicted of a burglary having the basic elements of unlawful or unprivileged entry into a building or structure with intent to commit a crime." *United States v. Banks,* No. 89–50CR(1), slip op. at 3 (E.D.Mo. Oct. 18, 1990). The crime of which Banks was convicted constituted generic burglary under *Taylor,* and supported the enhancement of his sentence.

### CONCLUSION

The orders of the district court in both cases, reaffirming the enhanced sentence

originally imposed upon each appellant, are affirmed.