**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 96-50014**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**GEORGE JOSEPH TROUTMAN,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court**
**for the Western District of Texas**

_____

March 6, 1997

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Appellant George Troutman appeals the dismissal of his habeas petition, filed pursuant

to 28 U.S.C. § 2255. On this his fourth appeal, we affirm.

**BACKGROUND**

On January 30, 1990, Troutman was found guilty in federal district court by a jury of

being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Because of his

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

extensive criminal history,[1] he was sentenced as an armed career offender pursuant to 18 U.S.C. § 924(e)(1), which provides for sentence enhancement if the defendant has three previous convictions by any court for a violent felony or a serious drug offense.[2] He appealed his conviction and sentence. This court affirmed the district court in an unpublished opinion. *See United States v. Troutman,* No. 90-8237 (5th Cir. Aug. 14, 1991) (unpublished).

Troutman unsuccessfully sought federal habeas relief. On appeal from the denial, Troutman alleged, *inter alia,* that he received ineffective assistance of counsel during the sentencing phase of his trial; he had allegedly informed his counsel that his four Oklahoma convictions could not be used for enhancement under 18 U.S.C. § 924(e)(1) because he was convicted in Oklahoma without the benefit of counsel. In an unpublished opinion, this court remanded to the district court for a determination of the validity of his allegations that he had advised his attorneys that his prior Oklahoma burglary convictions were without counsel. *See United States v. Troutman,* No. 93-8174 (5th Cir. Feb. 14, 1994) (unpublished).

On remand, the district court again denied his request for habeas, ruling that even if it were true that his Oklahoma convictions were rendered without benefit of counsel, Troutman was still unable to satisfy the prejudice prong of *Strickland* because he had three other violent felony convictions which would support enhancement of his sentence under § 924(e) -- armed robbery in

---

[1]    Troutman's criminal history includes four convictions for second degree burglary in Oklahoma (three in 1957 and one in 1960); one conviction for escape in Oklahoma (1960); one conviction for possession of burglary tools in Oklahoma (1964); one conviction for bank robbery in Kansas (1971); one conviction for burglary in California (1971); and one conviction for first degree armed robbery in California (1976).

[2]    18 U.S.C. § 924(e)(2)(B) defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year . . . that . . . is burglary . . .."

California in 1976, bank robbery in Kansas in 1971, and burglary of a business in California in 1971. Troutman appealed.

This court again remanded Troutman's case, ruling that because there were neither charging papers nor jury instructions in the record, it was not possible for the district court to conclude as a matter of law that Troutman's 1971 California burglary conviction qualified as a violent felony as required by § 924(e).[3] *See United States v. Troutman,* No. 94-50577 (5th Cir. May 15, 1995) (unpublished). On remand, after referring to the information used in Troutman's 1971 burglary conviction, the district court concluded that it was sufficient to support an enhancement under § 924(e). Once again, Troutman appeals.

## DISCUSSION

Whether a prior conviction has been proved sufficiently for purposes of sentence enhancement is a question of law that this court reviews *de novo. See United States v. Martinez-Cortez,* 988 F.2d 1408, 1411 (5th Cir.), *cert. denied,* 510 U.S. 1013 (1993).

In *Taylor v. United States,* 495 U.S. 575, 110 S.Ct. 2143 (1990), in an effort to establish a uniform definition of "burglary" to be applied in determining whether a defendant's prior conviction qualifies as a "violent felony" pursuant to § 924(e), the Court held that a prior conviction for burglary qualifies if the defendant's offense constituted a "generic" burglary. A defendant's prior offense constitutes a "generic" burglary if he has been "convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Id.* at 599. The Government is entitled to

---

[3]     It is not disputed that Troutman's convictions for armed robbery (1976) and bank robbery (1971) constitute crimes of violence under § 924(e).

3

establish that an offense was a generic burglary if "either its statutory definition substantially corresponds to 'generic' burglary, or the charging paper and jury instructions actually required the jury to find all the elements of generic burglary in order to convict the defendant." *Id.* at 602.

Troutman's conviction for burglary in California was the result of a plea bargain. At the time of Troutman's conviction, the California burglary statute proscribed burglary of locations other than a building or a structure, and, accordingly, was by its own terms broader than would qualify as "generic" burglary.[4] Because the statute on its face is broader than the *Taylor* definition of "generic" burglary, in support of enhancement of Troutman's sentence, the Government presented the court with the information to which Troutman pleaded guilty. The information charged Troutman with "enter[ing] the business and building occupied by Food Fair Market . . . with the intent then and there and therein unlawfully and feloniously to commit a felony and theft." The Government did not offer jury instructions; as Troutman had pleaded guilty and avoided a jury trial, none existed.

Troutman argues that pursuant to *Taylor,* the Government must establish generic burglary by proof of either (1) the statute under which Troutman was convicted or (2) the charging papers *and* the jury instructions. He argues that under *Taylor,* the district court erred in referring solely to the information without any jury instructions.

---

[4]     The California statute to which Troutman pleaded guilty provided, in relevant part:

Every person who enters any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse or other building, or any tent, vessel, or railroad car, trailer coach . . ., vehicle . . ., aircraft . . ., or mine . . ., with intent to commit grand or petit larceny or any felony is guilty of burglary.

Cal. Penal Code § 459 (historical note).

This precise issue has previously been decided by a panel of this court. In *United States v. Garza,* 921 F.2d 59 (5th Cir.), *cert. denied,* 502 U.S. 825 (1991), in order to establish that the defendant's prior convictions fit the definition of a "generic" burglary, the Government presented the sentencing court with the indictments used in the prior case. Because Garza had pleaded guilty to prior offenses, there were no jury instructions. This court concluded that the underlying indictments "clearly demonstrate that the convictions contained the elements of generic burglary." *Id.* at 61.

> The absence of jury instructions in a guilty plea setting does not negate the application of the second half of *Taylor*'s generic burglary rubric. As the charging papers, the indictments, clearly reflect that Garza's prior burglary convictions meet *Taylor*'s generic burglary definition, these convictions properly were used for sentence enhancement under 18 U.S.C. § 924(e)(1).

*Id.* This panel is bound by the prior panel's holding in *Garza,* which is factually indistinguishable and directly on point.[5] *See Pruitt v. Levi Strauss & Co.,* 932 F.2d 458, 465 (5th Cir. 1991) (a panel of

---

[5] Troutman urges that this panel is bound by this court's decision in *United States v. Martinez-Cortez,* 988 F.2d 1408 (5th Cir. 1993). In *Martinez-Cortez,* the defendant complained that the district court erred in accepting a presentence report ("PSR") supporting a "generic" burglary finding in support of enhancement under § 924(e). *Martinez-Cortez* is distinguishable from this case because (1) the defendant did not plead guilty to the burglary offense, but rather had been convicted after a trial and (2) the sentencing court had relied only the PSR as support for the enhancement. The *Martinez-Cortez* panel ruled that, according to *Taylor,* for purposes of establishing a "generic" burglary to be used for sentence enhancement, the Government must present the sentencing court with either (1) proper copies of the statute under which the defendant was previously convicted or (2) the indictment/information *and* jury instructions under which the defendant was previously convicted, not merely the PSR. *See id.* at 1412. The court based its reasoning on the following language from *Taylor*:

> The categorical approach, however, may permit the sentencing court to go beyond the mere fact of conviction in a narrow range of cases where a jury was actually required to find all the elements of generic burglary. For example, in a State whose burglary statutes include entry of an automobile as well as a building, if the indictment or information *and* jury instructions show that the defendant was charged with a burglary of a building, and that the jury necessarily had to find an entry of a building

5

this court cannot overrule a prior panel's decision without *en banc* consideration or an intervening Supreme Court opinion).  Moreover, every other circuit that has construed *Taylor* in light of a guilty plea on a prior conviction used for enhancement under § 924(e) has agreed with *Garza*.  *See United States v. Harris*, 964 F.2d 1234, 1236 (1st Cir. 1992); *United States v. Kaplansky*, 42 F.3d 320, 322 (6th Cir. 1994) (*en banc*); *United States v. Gallman*, 907 F.2d 639, 645 n.7 (7th Cir. 1990); *cert. denied*, 499 U.S. 908 (1991); *United States v. Taylor*, 932 F.2d 703, 708 (8th Cir.), *cert. denied*, 502 U.S. 882 (1991); *United States v. Sweeten*, 933 F.2d 765, 769-71 (9th Cir. 1991); *United States v. Strahl*, 958 F.2d 980, 983 (10th Cir. 1992); *United States v. Adams*, 91 F.3d 114, 116 (11th Cir.), *cert. denied*, ___ U.S. ___, 117 S.Ct. 623 (1996).

## CONCLUSION

For the foregoing reasons, we AFFIRM the decision of the district court and deny the appellant's request for habeas relief.

---

to convict, then the Government should be allowed to use the conviction for enhancement.

*Taylor,* 110 S.Ct. at 2160 (emphasis supplied in *Martinez-Cortez*, 988 F.2d at 1412).  Relying on this language, the *Martinez-Cortez* panel concluded that *Taylor* "create[s] one (but only one) tightly drawn exception to the 'categorical approach' of looking only to the statutory definition of the prior conviction."  *Martinez-Cortez,* 988 F.2d at 1412.  Accordingly, the panel concluded that the district court erred in relying on the PSR.  *Id.*

6