LOKEN, Circuit Judge, dissenting.
I respectfully dissent. In my view the court impermissibly overrules a controlling Supreme Court decision, Taylor v. United States, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), based upon reasoning in later Supreme Court cases that did not overrule the holding in Taylor. Only the Supreme Court can overrule its prior decisions, as the Court has often reminded us.
The issue is whether Jerry Brown's 1977 conviction for second-degree burglary in violation of Mo. Rev. Stat. § 560.070 (1969), was a predicate "violent felony" that made him subject to a 15-year mandatory minimum sentence under the Armed Career Criminal Act for his 2007 firearm offense. See 18 U.S.C. § 924(e)(1). As the court explains, the Supreme Court held in Taylor that "burglary," an enumerated violent felony offense in 18 U.S.C. § 924(e)(2)(B)(ii), means generic burglary, which the Court defined as "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." 495 U.S. at 598, 110 S.Ct. 2143.
In Taylor, defendant was sentenced as an armed career criminal based on four prior felony convictions. Two were Missouri second-degree burglary convictions in 1963 and 1971, years in which "Missouri had seven different statutes under which one could be charged with second-degree burglary." 495 U.S. at 578 n.1, 110 S.Ct. 2143. The Court held that "most but not all the former Missouri statutes defining second-degree burglary include all the elements of generic burglary." Id. at 602, 110 S.Ct. 2143. However, one of Missouri's second-degree burglary statutes in effect at the times of Taylor's two convictions was broader. It "included breaking and entering 'any booth or tent, or any boat or vessel, or railroad car.' " Id. at 599, 110 S.Ct. 2143, quoting Mo. Rev. Stat. § 560.070 (1969) (repealed). As the record in Taylor did not reveal which of the seven Missouri statutes were the bases for his two prior convictions, the Court remanded, providing specific directions how to address this issue: "in a State whose burglary *561 statutes include entry of an automobile as well as a building, if the indictment or information and jury instructions show that the defendant was charged only with a burglary of a building, and that the jury necessarily had to find an entry of a building to convict, then the Government should be allowed to use the conviction for enhancement." Id. at 602, 110 S.Ct. 2143.
On remand, the government established that the 1971 information that led to one of Taylor's second-degree burglary convictions alleged a violation of § 560.070 (1969) -- that Taylor "did feloniously and burglariously, forcibly break and enter dwelling house and building" at a specified location. We nonetheless concluded that Taylor's plea of guilty to that charge "constituted 'generic' burglary under the Supreme Court's Taylor standard because the breaking and entering was of a 'dwelling house and building.' " United States v. Taylor, 932 F.2d 703, 707 (8th Cir. 1991). Here, Brown was convicted of second-degree burglary in violation of § 560.070 (1969) based on an information charging that, on December 9, 1977, he did "forcibly break and enter a building to wit: the Oregon County R-IV School District high school building ... with the felonious and burglarious intent to steal ... property." The relevant record facts concerning the prior § 560.070 (1969) convictions in Taylor and in this case are identical. Thus, the ACCA issue is controlled by the Supreme Court's holding in Taylor and this court's application of that holding on remand.
Ignoring the Supreme Court's holding in Taylor, the court declines to follow our decision in Taylor because it has been "cast into doubt by intervening Supreme Court decision[s]." Infra at p. 559. But none of those decisions purported to overrule the Court's prior decision in Taylor. See United States v. Stitt, --- U.S. ----, 139 S. Ct. 399, 406-07, 202 L.Ed.2d 364 (2018). Indeed, on June 10 of this year, a unanimous Court again followed the Court's interpretation of generic burglary in Taylor, observing that "[a]s the Court recognized in Taylor , Congress 'singled out burglary' because of its 'inherent potential for harm to persons.' " United States v. Quarles, --- U.S. ----, 139 S. Ct. 1872, 1879, --- L.Ed.2d ---- (2019), quoting Taylor, 495 U.S. at 588, 110 S.Ct. 2143.
Instead of respecting congressional intent the Supreme Court has repeatedly found demonstrable, our en banc court in United States v. Naylor adopted a convoluted and impractical interpretation of the "categorical approach" to rule -- erroneously, in my view -- that all Missouri second-degree burglary convictions under the 1979 successor to § 560.070 (1969) are not violent felonies under the ACCA. 887 F.3d 397, 409 (8th Cir. 2018) (Loken, J., dissenting). As Justice Thomas observed in Quarles, this "demonstrates the absurdity of applying the categorical approach to the enumerated-offenses clause." 139 S. Ct. at ---- (Thomas, J., concurring). Whether to abandon the categorical approach is of course an issue for the Supreme Court. But now, the court extends Naylor's flawed interpretation of the categorical approach to overrule the Supreme Court's decision applying the categorical approach to the predecessor statute at issue in Taylor. This we may not do. Accordingly, I respectfully dissent.